## BUCKLAND VS. WILSON and McDOWELL.

(1) *Pleading : Variance disregarded.* (2) *Question for jury.* (3) *Advances on B's wheat in store, generally; W's right to a share of such advances, for wheat delivered by him to B.*

Action on a note. Answer, 1. A general denial. 2. That defendants had delivered to plaintiff wheat exceeding in value the amount of the note, to be sold by plaintiff and the proceeds applied in payment of the note; and that plaintiff accepted the wheat "for the purpose aforesaid, and in full satisfaction and discharge" of the note. *Held,*

1. That under this answer the defendants might show either that the plaintiff had *sold* the wheat, or that he had received an *advance* thereon. The omission to allege specifically that plaintiff sold the wheat, cannot mislead him, and may be supplied by amendment before or after judgment.

2. There being evidence tending to show that plaintiff had stored the wheat received by him from defendants, and had received money from the warehouseman on that and *other* wheat so stored, the questions whether he had received any and how much money on account of defendants' wheat, should have been left to the jury (unless the proof was so clear that the court could fix the sum by computation); and the amount should have been allowed as a payment on the note.

3. If plaintiff, not having sold defendants' wheat, received advances *generally* on wheat stored by him with such warehouseman, defendants should be allowed such proportion of the whole amount of such advances as their wheat bore to the whole amount of wheat on which the advances were made.

APPEAL from the Circuit Court for *Dodge* County.

The defendants appealed from a judgment in favor of the plaintiff. The facts are stated in the opinion.

*F. Hamilton,* for appellant.

*J. H. Dawes,* for respondent.

LYON, J. Action upon a promissory note given by the defendants to the plaintiff. *McDowell* signed the note as surety for *Wilson.* The defendants answered separately. Both answers contain a general denial; and that of *Wilson,* who was the principal debtor, alleges as a further defense, that before

the action was commenced he delivered to the plaintiff a quantity of wheat, the value of which exceeded the amount of such note, to be sold by the plaintiff at Fox Lake, and the proceeds of the sale to be applied in payment of the note; and that the plaintiff accepted and received such wheat from *Wilson*, "for the purpose aforesaid, and in full satisfaction and discharge of said note."

It seems to be conceded that *Wilson* delivered to the plaintiff a quantity of wheat, the value of which exceeded the amount of the note in suit, and that the plaintiff delivered the same into the storehouse of one Livingston at Fox Lake. It seems also to be conceded, and, if not conceded, the testimony introduced on the trial tended to show, that the plaintiff received money from Livingston on account of the wheat which he received from *Wilson*, and of certain other wheat which he had delivered into Livingston's storehouse.

The circuit judge directed the jury to return a verdict for the plaintiff for the full amount of the note. This appeal is from the judgment entered upon such verdict.

We think the question as to whether the plaintiff had drawn money on account of the wheat delivered to him by *Wilson*, and, if so, the sum so drawn, should have been submitted to the jury, unless the proof was so clear that the court could by computation fix the sum; and in either case the amount so drawn should have been allowed on the note as a payment. If he drew the money generally on account of wheat delivered to him by *Wilson* and of other wheat, the sum drawn should be divided *pro rata* upon the basis of the quantities of each lot of wheat upon which it was so drawn. When the quantities are ascertained, this is a matter of mere computation. Because of this error there must be a new trial.

We are also inclined to think that there was sufficient testimony tending to show a sale of the wheat by the plaintiff, to make it the duty of the circuit judge to submit that question to the jury. But as there is to be another trial, it is unnecessary to discuss this point.

We think that the answers are sufficient to entitle the defendants to show under them, or rather under the answer of *Wilson*, either a sale of the wheat by the plaintiff, or that he received an advance thereon. The substance of that answer is, that the plaintiff had received payment of the note out of wheat delivered to him by *Wilson*; and if it fails to state specifically that the plaintiff sold such wheat, it is an omission which cannot prejudice or mislead the plaintiff, and may be supplied by amendment before or after judgment.

*By the Court.*—The judgment of the circuit court is reversed, and a *venire de novo* awarded.